**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| **JESSE LEE PARKER, Jr.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 1:08-0263** |
| | ) | |
| **STEVENS CORRECTIONAL** | ) | |
| **CENTER,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On April 18, 2008, Plaintiff, acting *pro se* and formerly incarcerated at the Mount Olive Correctional Center in Mount Olive, West Virginia, filed his Complaint in this matter claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[1] (Document No. 2.) Plaintiff names the following as Defendants: Stevens Correctional Center, Officer Brewster, Major Ritchie, Joanne Fowler, Officer Barker, Sargent White, Inmate Greg Williams, Inmate Perkins, Inmate Wilson, Inmate Gabriel Atkins, Inmate Jason Ramsey, Inmate Baisore, and Inmate Brian Miller. Plaintiff alleges that the correctional officers at Stevens Correctional Center knowingly permit inmates to be harassed and assaulted by a "gang of inmates." For example, Plaintiff contends that a "black inmate woke up with a 'noose' tied on his bunk." Plaintiff further claims that the correctional officers knowingly allowed the "gang of inmates" to assault Plaintiff and failed to timely intervene. Specifically, Plaintiff asserts that the correctional officers "buzzed open" his cell door allowing "at least a dozen inmates, all white," to enter Plaintiff's cell where he was beaten for more than ten minutes. During this incident,

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Plaintiff alleges that "one inmate tried to stab me." Plaintiff contends that Officer Brewster "looked in the cell and just walked away." Plaintiff seeks compensatory damages and placement in a less secure institution.[2] (Document No. 2, p. 4-5.)

## ANALYSIS

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at . A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

First, Plaintiff names Stevens Correctional Center as a defendant. Section 1983 claims, however, must be directed at a "person." See Preval v. Reno, 203 F.3d 821 (4th Cir. 2000)(unpublished)(finding that the Piedmont Regional Jail is not a "person" under Section 1983);

---

[2] By separate Order, the Court has granted Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 1.) and directed the Clerk to issue service on those state actors named as Defendants.

Roach v. Burch, 825 F.Supp. 116, 117 (N.D.W.Va. 1993)(stating that the West Virginia Regional Jail Authority is not a "person" under Section 1983). Accordingly, the undersigned finds that the Steven Correctional Center must be dismissed because it is not a "person" as required by Section 1983.

Next, Plaintiff alleges that the following inmates committed assault and battery upon him during his confinement at Stevens Correctional Center: Inmate Greg Williams, Inmate Perkins, Inmate Wilson, Inmate Gabriel Atkins, Inmate Jason Ramsey, Inmate Baisore, and Inmate Brian Miller [Inmate Defendants]. The undersigned concludes that Plaintiff has failed to state a claim upon which relief can be granted concerning the above-named inmates.[3] Under Section 1983, liability attaches only to conduct occurring under color of State law. Conduct constituting State action under the Fourteenth Amendment satisfies this requirement. Lugar v. Edmondson Oil Co., 457 U.S. 922 935 n. 18, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Private conduct constitutes State action only if it is "fairly attributable to the State." Id. at 937, 102 S.Ct. 2744; see also Scott v. Hern, 216 F.3d 897, 906 (10th Cir. 2000). This requirement is satisfied if two conditions are met: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible," and (2) the private party charged with the deprivation "must be a person who may fairly be said to be a state actor. This may be because he is a State official, because he has acted together with or has obtained significant aid from State officials, or because his conduct is otherwise chargeable to the State." Lugar, 457 U.S. at 937, 102 S.Ct. 2744. The Inmate Defendants' alleged assault and battery upon Plaintiff does not constitute private conduct "fairly attributable to the State" under the above test. Thus, the Inmate Defendants are not State actors, and therefore Plaintiff's claim against them does not fall under Section 1983.

---

[3] The Court notes that Plaintiff may have a possible claim against the above-named inmates in State Court.

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 2.) as to Stevens Correctional Center, Inmate Greg Williams, Inmate Perkins, Inmate Wilson, Inmate Gabriel Atkins, Inmate Jason Ramsey, Inmate Baisore, and Inmate Brian Miller, and **REFER** this matter back to the undersigned for further proceedings regarding the remaining defendants.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such

objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

    The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and transmit a copy to counsel of record.

    Date: March 26, 2010.

                                    R. Clarke VanDervort
                                    United States Magistrate Judge