IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| **JESSE LEE PARKER, Jr.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:08-0263 |
| | ) | |
| **STEVENS CORRECTIONAL** | ) | |
| **CENTER,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On April 18, 2008, Plaintiff, acting *pro se* and formerly incarcerated at the Mount Olive Correctional Center in Mount Olive, West Virginia, filed his Complaint in this matter claiming entitlement to relief pursuant to 42 U.S.C. § 1983.[1] (Document No. 2.) Plaintiff named the following as Defendants: Stevens Correctional Center, Officer Brewster, Major Ritchie, Joanne Fowler, Officer Barker, Sargent White, Inmate Greg Williams, Inmate Perkins, Inmate Wilson, Inmate Gabriel Atkins, Inmate Jason Ramsey, Inmate Baisore, and Inmate Brian Miller. Plaintiff alleged the correctional officers at Stevens Correctional Center knowingly permitted inmates to be harassed and assaulted by a "gang of inmates." For example, Plaintiff contended that a "black inmate woke up with a 'noose' tied on his bunk." Plaintiff further claimed that the correctional officers knowingly allowed the "gang of inmates" to assault Plaintiff and failed to timely intervene. Specifically, Plaintiff asserted that the correctional officers "buzzed open" his cell door allowing "at least a dozen inmates, all white," to enter Plaintiff's cell where he was beaten for more than ten minutes. During

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

this incident, Plaintiff alleged that "one inmate tried to stab me." Plaintiff contended that Officer Brewster "looked in the cell and just walked away." As a result of the above incident, Plaintiff alleged that he was wrongly convicted of assault and transferred to Mount Olive Correctional Center, where he was placed in administrative segregation. As relief, Plaintiff requests compensatory damages and placement in a less secure institution.

By Order entered on March 26, 2010, the undersigned ordered Plaintiff to (1) serve the Summonses and Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure upon Officer Brewster, Major Ritchie, Joanne Fowler, Officer Barker, and Sargent White; and (2) file an updated Application to Proceed Without Prepayment of Fees by April 9, 2010.[2] (Document No. 8.) By Proposed Findings and Recommendation also entered on March 26, 2010, the undersigned recommended that the case be dismissed as to Stevens Correctional Center, Inmate Greg Williams, Inmate Perkins, Inmate Wilson, Inmate Gabriel Atkins, Inmate Jason Ramsey, Inmate Baisore, and Inmate Brian Miller.[3] (Document No. 9.) By Memorandum Opinion and Order entered on April 26, 2010, United States District Judge David A. Faber adopted the undersigned's recommendation and referred the matter back to the undersigned for further proceedings. (Document Nos. 11 and 12.)

Plaintiff has not responded to the Court's Order that was entered more than one year and five months ago. Accordingly, the undersigned has determined that Plaintiff has failed to take any steps to prosecute this action, and therefore, Plaintiff's Complaint in this case should be dismissed.

---

[2] The undersigned determined that an updated Application was required based upon Plaintiff's release from custody.(Document No. 8.); *See DeBlasio v. Gilmore*, 315 F.3d 396 (4th Cir. 2003).

[3] The undersigned determined that Stevens Correctional Center was not a "person" as required by Section 1983 and the alleged misconduct by the Inmate Defendants did not constitute private conduct "fairly attributable to the State."

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*.[4] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

Rule 41.1 of the Local Rules provides:

**Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first three factors, the

---

[4] Rule 41(b) of the Federal Rules of Civil Procedure provides:

    **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

Court finds that the delays in this case are attributable solely to the Plaintiff as he has failed to accomplish service of process upon Officer Brewster, Major Ritchie, Joanne Fowler, Officer Barker, and Sargent White.[5] Pursuant to 28 U.S.C. § 1915, federal courts may authorize the commencement of an inmate's civil action *in forma pauperis* upon the inmate's filing an Application to so proceed, together with an Affidavit stating the nature of the action and Plaintiff's belief that he is entitled to redress. 28 U.S.C. §§ 1915(a)(1) and (2)(2002). "Section 1915 is intended to allow qualified litigants to proceed without having to advance the fees and costs associated with litigation." DeBlasio v. Gilmore, 315 F.3d 396, 398 (4th Cir. 2003). Plaintiff has not responded to the Court's Order directing him to file an updated Application to Proceed *in Forma Pauperis* and to serve process upon the above named Defendants (Document No. 8.). Plaintiff, therefore, is the sole cause of the delays in this action. With respect to the second and third factors, although the record is void of further evidence indicating that Plaintiff has a history of "deliberately proceeding in a dilatory fashion," the Court does not find that the named Defendants will be prejudiced by dismissal of Plaintiff's Complaint.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be futile in view of Plaintiff's failure

---

[5] Based upon a review of the docket sheet, Summonses were issued approximately 17 months ago (Document No. 10) and Plaintiff has not accomplished service of process upon Officer Brewster, Major Ritchie, Joanne Fowler, Officer Barker, and Sargent White. Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court - - on motion or on its own after notice to the plaintiff - - must dismiss the action without prejudice against that defendant . . .." Accordingly, Plaintiff's cause of action should also be dismissed based upon his failure to accomplish service within the 120-day period.

to pay the filing fee or file an updated Application to Proceed *in Forma Pauperis*. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the undersigned's Order entered more than one year and five months ago (Document No. 8.). Accordingly, the undersigned has determined that this action should be dismissed without prejudice unless Plaintiff is able to show good cause for his failure to prosecute.[6]

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** this case without prejudice for failure to prosecute and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985);

---

[6] It is Plaintiff's responsibility to provide the Court with a notice of change of address. *See* Rule 83.5 of the Local Rules of Civil Procedure("A *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number.")

to pay the filing fee or file an updated Application to Proceed *in Forma Pauperis*. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the undersigned's Order entered more than one year and five months ago (Document No. 8.). Accordingly, the undersigned has determined that this action should be dismissed without prejudice unless Plaintiff is able to show good cause for his failure to prosecute.[6]

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** this case without prejudice for failure to prosecute and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985);

---

[6] It is Plaintiff's responsibility to provide the Court with a notice of change of address. *See* Rule 83.5 of the Local Rules of Civil Procedure("A *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number.")

<u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: August 31, 2011.

R. Clarke VanDervort
United States Magistrate Judge